## TILTON *vs.* BUTTS, DePUE & COMPANY *et al.*

1. It is the duty of the court to construe a written contract; but if he had properly construed the contract in this case, it would not have benefited the plaintiff in error, and the result must have been the same as that reached.

2. A promissory note contained the statement that its consideration was a part of the purchase money for the soapstone and talc and one-half of all other mineral interest in, under and upon a certain lot of land, and contained the following condition: "If the said soapstone interest and talc on said lot of land, upon development, proves to be a failure, or that the supply of the same should not prove to be on said lot in a reasonable degree, then this note to be void; otherwise in full force:"

*Held,* that the words, "If the said soapstone interest and talc on said lot of land, upon development, proves to be a failure," were qualified and explained by the words, " or that the supply of the same

should not prove to be on said lot in a reasonable degree; " and so construed, the words first quoted refer to a failure of a reasonable supply of the soapstone and talc, and have no reference to the quality thereof.

December 7, 1886.

Written Instruments. Practice in Superior Court. Contracts. Construction. Before Judge FAIN. Murray Superior Court. February Term, 1886.

Reported in the decision.

McCAMY & WALKER, for plaintiff in error.

TRAMMELL STARR; W. C. GLENN, for defendants.

BLANDFORD, Justice.

Defendants in error sued the plaintiff in error upon a written promise as follows :

"$100. Twelve months after date, I promise to pay A. T. Logan, or bearer, one hundred dollars, value received. Witness my hand and seal. The consideration of this note is a part of the purchase money for the soapstone, talc and one-half of all other mineral interest in, under and upon lot of land No. 279, in 26th district, 2d section, of Murray county, Georgia, and is conditioned as follows : If the said soapstone interest and talc on said lot of land, upon development, prove to be a failure, or that the supply of the same should not prove to be on said lot in a reasonable degree, then this note to be void ; otherwise in full force."

The plaintiff in error complains that the court erred in not construing the writing and instructing the jury that the words, " if the soapstone interest and talc prove to be a failure," mean if the talc is too hard to be cut with an ordinary saw and is not merchantable, that then the plaintiffs could not recover. It was certainly the duty of the court to have construed this writing ; and if he had done so, we cannot see how it would have helped or benefited plaintiff in error, the presumption being that the court would have construed the paper right. The words, " if the soap-

stone and talc interest on the lot should prove to be a failure," mean if there should be no soapstone or talc found on the lot, or to a reasonable degree, so as to authorize the party to mine for the same. We think the words, " or that the supply of the same should not prove to be on the lot in a reasonable degree," qualify and explain the words, " if the soapstone and talc interest on the lot should prove to be a failure," so as to show to what extent it should be a failure, that there should be a reasonable supply of the soapstone and talc, but that these words have no reference to the quality of the soapstone and talc. If this paper had been thus construed by the court, the same conclusion would have been reached as was done in this case. The conclusion being right, the judgment of the court is affirmed.