SOUTH GEORGIA TRUST COMPANY *v.* NEAL.

HILL, J. 1. "As a general rule, the construction of a contract is a question for the court. Where any matter of fact is involved (as the proper reading of an obscurely written word), the jury should find the facts." Civil Code (1910), § 4265; *Fraser* v. *Jarrett,* 153 *Ga.* 441, 443 (112 S. E. 487).

2. While it is the duty of the court to construe a written contract, still a new trial will not be granted for failure to discharge this duty where the contract is submitted to the jury and properly construed by them. Especially is this true in a case where, if the contract had been properly construed by the court, the construction would have been adverse to the plaintiff in error and the result would have been the same as reached by the jury in their verdict. *Main* v. *Simmons,* 2 *Ga. App.* 821 (59 S. E. 85); See 4 Cum. Dig. 48.

3. The contract in the present case, which was contained in a letter, was as

follows: "My client has agreed . . that he will pay to South Georgia Trust Company, on or before the second Monday in July, 1930, to wit, July 14, 1930, the sum of $3550 in full settlement of all claims and demands of every kind whatsoever held by South Georgia Trust Company against John Neal, and in full and complete satisfaction of the suit now pending in favor of South Georgia Trust Company. . . Unless these payments are made on or before the July term, 1930, of the city court of Albany, you are authorized and directed to take a judgment for the full amount claimed in the said suit now pending in the city court of Albany, Georgia, in favor of South Georgia Trust Company against John Neal. The payment on or before said time to operate as a full and complete satisfaction as aforesaid." Properly construed, the foregoing contract meant that John Neal had the entire day of July 14, 1930, within which to pay the sum mentioned in the contract.

4. On the trial of the case the issue was limited to one of fact as to the meaning and construction of the compromise agreement between the parties settling the prior litigation. On this issue the jury returned a verdict in favor of the plaintiff.

5. Applying the foregoing rulings to the facts of this case, the court did not err in any of the rulings complained of in the motion for new trial, on the admission of certain evidence and on the charge of the court; and even if the court should have construed the contract which is the foundation of the suit in the present case, instead of submitting the question of the proper construction thereof to the jury, the conclusion reached by the jury as to the construction of the contract was correct, and their verdict, which has the approval of the trial judge, will not be disturbed.

6. The evidence authorized the verdict, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*

No. 8492. DECEMBER 18, 1931.

28

*T. H. Milner,* for plaintiff in error.   *W. H. Burt,* contra.