61264. CROCKER v. TAM et al.

</div>

SOGNIER, Judge.

Appellant Crocker, a real estate broker, sued Tam for breach of a real estate contract between Tam, the purchaser, and Atla National Investment, the seller. The contract provided that Tam would pay Crocker a $5,000 real estate commission, and that the sale would be closed on or before January 31, 1980. Crocker also sued Tam's attorney, Barksdale, for bad faith in enticing Tam to breach the contract. The trial court granted Tam and Barksdale's motion for summary judgment. Crocker appeals.

Appellant admitted on deposition that he knew the seller went into bankruptcy prior to January 31, 1980 and that the seller would not have been able to convey marketable title after the date of the bankruptcy, January 8, 1980. The contract provided that "if sale is not consummated because of Seller's inability, failure or refusal to convey marketable title, Seller shall pay full commission to Broker, and Broker shall return earnest money to Purchaser."

Appellant contends that under the terms of the contract, Tam was to increase the earnest money to $5,000 15 days after acceptance of her offer to the seller, and that Tam failed to do so. Thus, appellant contends that Tam breached the contract prior to the bankruptcy and that appellant is entitled to the $5,000. We do not agree. Even if Tam had breached a provision of the sales contract by not increasing the earnest money, any earnest money conveyed to Crocker would have had to be returned to Tam if the seller failed, or was unable, to convey marketable title. Appellant was not entitled to a commission from Tam, the purchaser, unless she failed or refused to consummate the transaction. Tam was not required to close until January 31, 1980. *South Ga. Trust Co. v. Neal,* 174 Ga. 24, 25 (161 SE 815) (1931). Since no marketable title could be conveyed by the seller at that time, Crocker is not entitled to a commission from Tam, the purchaser, as she was not at fault. There is nothing in the record to indicate bad faith or impropriety on the part of Barksdale, Tam's attorney.

Summary judgment in favor of Tam and Barksdale was correct. *Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED MAY 6, 1981.

*B. J. Roberts,* for appellant.
*James H. Weeks,* for appellees.