## 75985. COUNTS v. YANCEY BROTHERS COMPANY.
### (370 SE2d 506)

CARLEY, Judge.

In her original complaint, appellant-plaintiff sought to enjoin appellee-defendant from selling certain personalty in which both claimed a security interest. When the trial court refused to grant injunctive relief, she amended her complaint so as to state a cause of action against appellee for conversion. A bench trial was conducted. At the close of appellant's evidence, appellee moved for an involuntary dismissal of the complaint pursuant to OCGA § 9-11-41 (b). The trial court granted appellee's motion. Appellant appeals from the order of dismissal entered by the trial court.

1. Appellant enumerates as error the trial court's denial of her motion for summary judgment. " 'Since the case has already been tried, the enumeration of error complaining of the denial of [appellant's] motion for summary judgment is not meritorious. [Cits.]' [Cits.]" *Colonial Penn Ins. Co. v. Hart,* 162 Ga. App. 333, 334 (1) (291 SE2d 410) (1982).

2. In support of appellant's enumeration of the trial court's grant of appellee's motion for involuntary dismissal as erroneous, she asserts that the evidence showed, as a matter of law, the priority of her security interest in the subject property over the security interest held by appellee therein.

The evidence was as follows: Appellee originally financed appellant's purchase of a portion of the property and had a purchase money security interest therein. Accordingly, appellant was a debtor as to appellee and appellee was a secured creditor as to appellant. This debtor-secured creditor relationship between appellant and appellee was evinced by a security agreement which contained a future advances clause (Security Instrument). Thereafter, appellant sold to a third-party that property which secured her debt to appellee. In connection with this transaction, the third-party assumed the debt which appellant owed to appellee and, to the extent of her equity in the property, appellant became a secured party as to the third-party purchaser of the property. This transaction was partially evidenced by an

agreement. This "Transfer of Equity" agreement provided, in pertinent part: "The consent of [appellee] to the transfer by [appellant] to [the third-] party of [appellant's] equity in the property . . . shall not operate in any way to relieve or affect [appellant's] obligations under the Security Instrument, and [appellant] shall remain *as fully and completely bound thereby* as though the transfer and delivery to [the third-] party had never taken place, or [appellee's] consent thereto been given." (Emphasis supplied.)

The effect of this "Transfer of Equity" agreement was clearly to subordinate, to the security interest of appellee, such priority, if any, as appellant might otherwise have had as the holder of a purchase money security interest in the property. See generally OCGA §§ 11-9-316; 11-1-209. Pursuant to the above cited language of the "Transfer of Equity" agreement, appellant remained "fully and completely bound" by the original Security Instrument and, therefore, she remained a debtor as to appellee notwithstanding such future advances as may have been made by appellee to the third-party pursuant to that Security Instrument. Accordingly, appellant, as a debtor to appellee, could assert no priority over appellee's security interest in the subject property. Therefore, the trial court did not err in granting appellee's motion for involuntary dismissal of appellant's complaint.

3. Appellant urges that the trial court erred in granting the motion for involuntary dismissal as to her claim that appellee's sale of the subject property had been commercially unreasonable. However, under appellant's own evidence, the commercially reasonable disposition of the property would not have been sufficient to satisfy the entire indebtedness, as to which indebtedness we have held in Division 2 appellant was a debtor as to appellee. Since the commercially reasonable disposition of the property would have resulted in appellant's continued indebtedness to appellees, it follows that appellee's disposition of the property could not have caused "any loss" to appellant under OCGA § 11-9-507 (1). Accordingly, the trial court did not err in granting the motion for involuntary dismissal as to appellant's claim predicated upon the commercial unreasonableness of the sale of the property.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MAY 26, 1988 —
REHEARING DENIED JUNE 8, 1988 — 

*Timothy J. Sweeney, Michael W. McElroy, Craig A. Nance,* for appellant.

*Marshall L. Helms, Jr.*, for appellee.