A94A0792. ALLSTATE INSURANCE COMPANY v. BRANNON et al.
(447 SE2d 666)

Pope, Chief Judge.

Allstate Insurance Company ("Allstate") brought this declaratory judgment action seeking a determination as to its duty to defend and indemnify its insured, Jimmy Dowda, in a tort action filed against him by appellee/Shane Brannon. Allstate alleged it was not obligated to defend or indemnify Dowda because liability coverage was excluded by three separate exclusions. Factual issues were submitted to the jury by way of special interrogatories. The jury found these policy exclusions inapplicable to the facts of the case and judgment was entered on the special verdicts. The trial court denied Allstate's motion for new trial and this direct appeal followed.

As is pertinent here, the evidence shows the following: Shane Brannon is married to Dowda's stepdaughter, Sandy. The Brannons had purchased a mobile home which was not yet habitable, and the Brannons were staying for brief periods with various relatives. On June 22, 1991, the Brannons were staying at Dowda's home. Shane Brannon had been out drinking that Saturday night with Dowda's stepson, and when he arrived home, he and Sandy started arguing. Dowda was downstairs and could hear Sandy and Shane arguing upstairs in the attic. When Dowda heard Sandy cry out "Get him out of here," he ordered Shane downstairs. According to Brannon, Dowda told him "you need to leave." Brannon came downstairs and he and Dowda started arguing. Dowda told Brannon to leave and Brannon responded by telling the older man to "Come outside." Dowda went out on his porch with a loaded pistol (a Smith & Wesson .44 Magnum with an adjusted light trigger pull) and told Brannon to "just get on down the road." As Brannon took a step forward, Dowda cocked the trigger and called out "Now, stop." Dowda's wife tried to grab the pistol from his hand, causing the weapon to discharge and strike Brannon in the left forearm.

1. Allstate contends that the trial court erred by charging the jury as to certain legal principles applicable to the construction of the insurance policy. Specifically, Allstate enumerates as error the following charge: "Now I charge you, ladies and gentleman, that an insurance policy is a contract. I charge you that an exclusionary provision in an insurance contract is to be construed strictly against the insurer, but it is equally true that the construction must be a reasonable construction."

This court has consistently held that charging the jury on legal principles dealing with contract construction constitutes reversible error. Likewise, it was error in the instant case to give the jury the quoted charge on contract construction. It is not the province of the jury to construe unambiguous contracts. *Empire Mills Co. v. Burrell Engineering &c. Co.*, 18 Ga. App. 253 (1) (89 SE 530) (1916). OCGA § 13-2-1 provides: "The construction of a contract is a question of law for the court. Where any matter of fact is involved, the jury should find the fact." " 'The rules of law set forth in the Code with respect to the construction of contracts are framed for the guidance and direction of the courts. Except in cases where the meaning of obscurely written words is involved, and where there is evidence tending to show that the meaning of such words was differently understood in one way or another by the parties to the contract, it is improper to submit to the jury any question as to the construction of the contract. Except in such cases it is *clearly error* and improper for the court to give the jury any instruction with regard to the manner in which the contract should be construed. . . .' *California Ins. Co. v. Blumberg*, 101 Ga. App. 587, 591-592 (115 SE2d 266) (1960)." (Emphasis supplied.) *Colonial Penn Ins. Co. v. Hart*, 162 Ga. App. 333, 336 (3) (291 SE2d 410) (1982).

There was no issue in this case concerning the meaning of the exclusionary provisions themselves. The only issues in this case were whether actions by the insured did or did not fall within the clear and unambiguous terms of the policy exclusions. See *Colonial Penn*, 162 Ga. App. at 336 (3) (holding charge on construction was improper when only issue was whether bodily injury was either expected or intended from the standpoint of the insured) and *Transamerica Ins. Co. v. Thrift-Mart*, 159 Ga. App. 874 (285 SE2d 566) (1981) (holding improper to charge on construction when only issue was whether property damage was either expected or intended from the standpoint of the insured). The issues here were whether the facts showed: 1) Brannon was an insured under the policy as a relative of the named insured residing in the same household; 2) Brannon was injured as a result of Dowda's intentional act; and 3) the shooting was a criminal act. There was nothing for the jury to construe and furnishing the foregoing instruction "injected into the case issues not proper for the jury to consider." *Blumberg* at 592.

We also reject the contention that submission of these questions to the jury by means of special interrogatories removed any possibility of placing improper issues before the jury. In the whole court case of *Ga. Farm Bureau Mut. Ins. Co. v. Burnett*, 167 Ga. App. 480 (2) (306 SE2d 734) (1983) a majority of this court held that charging the jury to construe the insurance contract in favor of the insured and against the insurer constituted reversible error. In that declaratory

judgment action, as in the case at bar, the factual issues were presented to the jury by way of special interrogatory[1] and the policy provisions were not in issue. Like the majority in *Ga. Farm Bureau*, we conclude the error in charging the jury in this case cannot be deemed harmless, *Colonial Penn*, 162 Ga. App. at 336 (3), and Allstate is entitled to a new trial.

2. Allstate also asserts the trial court erroneously recharged the jury on the definition of "resident" as that term is used in the policy provisions defining insured persons in addition to the named insured and his spouse. The record reflects the trial court correctly charged the jury twice on this definition. However, when the trial court, upon request of a juror, repeated the instruction for a third time he changed an "or" to an "and," so that an exclusion applicable in the disjunctive became applicable in the conjunctive. This misstatement was clearly a slip of the tongue and is unlikely to occur on retrial. Moreover, this palpable slip of the tongue resulted in harmless error in the context of the entire charge. See *Rodriguez v. State*, 211 Ga. App. 256, 257 (3) (439 SE2d 510) (1993). It follows that the trial court did not err in overruling the motion for new trial on this ground.

3. Since the issue may arise on retrial, we consider Allstate's third enumeration of error which contends that the trial court impermissibly allowed the introduction of evidence relating to injuries received by Shane Brannon when such evidence was irrelevant to the trial of the declaratory judgment action and designed to gain sympathy from the jury. OCGA § 24-2-1 provides: "Evidence must relate to the questions being tried by the jury and bear upon them either directly or indirectly. Irrelevant matter should be excluded." Allstate made a motion in limine "to preclude the defendants from going into any detail about the injuries to Shane Brannon, including trying to introduce any of his medical records or medical bills [or] any photographs of his injury. . . ." The trial court granted Allstate's motion to the extent of prohibiting reference to medical bills or "embellishing" upon the extent of the injuries during opening statements and reserved ruling until proper objection was made to specific evidence produced at trial. Subsequently the trial court sustained Allstate's relevancy objection to the exhibit proffered by Brannon summarizing his medical expenses but permitted Brannon to mention the total amount of his medical bills, which he testified came to $42,500. We agree with Allstate that the amount of Brannon's medical expenses is irrelevant to the issue of whether the shooting was either intentional

---

[1] Two issues were presented by way of special interrogatories at the close of evidence for jury determination. The trial court granted a directed verdict in favor of the insured as to the first special interrogatory. The court then submitted the second to the jury to decide whether the shooting was unintentional.

or criminal. However, Allstate wanted the jury to draw the inference that Brannon was a "resident" within the meaning of one of the exclusions based upon testimony that he continued to live at Dowda's after the shooting. Such an inference was properly the subject of explanation and rebuttal. In this limited sense, the evidence of Brannon's financial straits was probative of and relevant to the issue of his intent, or lack thereof, to become a "resident" of Dowda's household. "The most acceptable test for relevancy is whether the evidence offered renders the desired inference more probable than it would be without the evidence. McCormick, Evidence 2d, p. 437 (1972). See also OCGA § 24-2-1." *Southern R. Co. v. Lawson*, 256 Ga. 798, 802 (4) (353 SE2d 491) (1987). Due to the issues cast by Allstate's allegations and evidence, we find no error in the admission of the single statement that Brannon had incurred $42,500 in medical expenses, over Allstate's relevancy objection.

4. Allstate also contends the trial court improperly allowed evidence of Allstate's worldly circumstances. The record shows the following on the cross-examination of the representative of Allstate, Max Conn, by counsel for Dowda:

"Q: You're not controverting — You didn't send the reservation of rights on this claim because of the financial position of Allstate, did you? A: No, sir. Q: The Company is worth, what, several billion dollars? A: I don't have any knowledge of that. [Counsel for Allstate]: Your honor, I'm going to object to that. [The Court]: I think, [counselor], I instructed everybody to stay away from the financial conditions of all the parties, including Allstate. [Counsel for Dowda]: Oh, I wasn't aware of that. . . . I'm sorry. [The Court]: I think my ruling was as to all parties. [Counsel for Dowda]: Okay, I'll withdraw my question. [Counsel for Allstate]: I'll renew my earlier motion, your honor. [The Court]: Excuse me, [counsel]? [Counsel for Allstate]: I renew my earlier motion on that matter. [The Court]: I'll deny your earlier motion. Thank you, sir."

"The general rule is that evidence of the wealth or worldly circumstances of a party litigant is never admissible, except in those cases where position or wealth is necessarily involved." (Citations omitted.) *Northwestern Univ. v. Crisp*, 211 Ga. 636, 641 (2) (88 SE2d 26) (1955). The trial court previously ruled such evidence of Allstate's worldly circumstances inadmissible. Any misunderstanding pertaining to the applicability of the previous ruling was properly clarified by the trial court, thereby obviating any likelihood of error on retrial. Moreover, the trial court's admonition to counsel to avoid certain matters already excluded by its previous ruling is "tantamount to a rebuke and sufficient under the circumstances." *Trammell v. Atlanta Coach Co.*, 51 Ga. App. 705, 711 (5) (181 SE 315) (1935). The trial court did not abuse its discretion in overruling the objection under

the circumstances of this case.

5. Allstate enumerates the denial of its motion for new trial, asserting that the verdict is contrary to the law, evidence, and is strongly against the weight of the evidence. In its brief, Allstate moves this court for a new trial, citing OCGA §§ 5-5-20 and 5-5-21. No court except the trial court is vested with the authority to grant a new trial in a matter relating to the weight of the evidence. See *Perryman v. State*, 63 Ga. App. 819, 820 (5) (12 SE2d 388) (1940). "The appellate courts are not vested with discretion in this regard as are the judges of the trial courts." *Gledhill v. Brown*, 44 Ga. App. 670, 671 (1) (162 SE 824) (1932). Beyond addressing to this court a request for new trial made on unavailable grounds, no argument or citation of authority is presented in support of this enumeration of the general grounds except to restate it. " 'That does not constitute an argument in support of the enumeration of error. *Haskins v. Jones*, 142 Ga. App. 153 (1) (235 SE2d 630) (1977). There being neither argument nor citation of authority offered in support of the enumeration of error, it is deemed abandoned. Rule 15 (c) (2) of the Rules of the Court of Appeals of the State of Georgia.' *Southern R. Co. v. Ga. Kraft Co.*, 183 Ga. App. 884, 886 (7), 887 (360 SE2d 605) [(1988)]." *Lissmore v. Kincade*, 188 Ga. App. 548, 550 (3) (373 SE2d 819) (1988).

*Judgment reversed. Birdsong, P. J., Andrews, Johnson, Blackburn and Smith, JJ., concur. McMurray, P. J., Beasley, P. J., and Senior Appellate Judge Harold R. Banke concur in part and dissent in part.*

McMurray, Presiding Judge, concurring in part and dissenting in part.

I respectfully dissent from Division 1 and from the judgment of reversal as it is my view that the plaintiff in this declaratory judgment action, Allstate Insurance Company, ("Allstate"), was not harmed by the erroneous giving of an inapplicable jury instruction on construction of the insurance contract. This erroneous charge did not effectively direct the verdict against Allstate. Consequently, the special interrogatories insulated Allstate against the likely harm occasioned by the trial court's inapplicable instruction. It follows that such harmless error does not require a new trial. I fully concur in Divisions 2, 3, 4, and 5.

Allstate alleged that no coverage was afforded to its insured, Jimmy Dowda, for the injuries Shane Brannon received when Dowda's gun discharged. Allstate relied on the provisions of three separate exclusions. First, Allstate contended that Brannon was an insured under Dowda's policy as a relative of the named insured residing in the same household, making applicable an exclusion which denies coverage for bodily injury to "an insured person whenever any

benefit of this coverage would accrue directly or indirectly to an insured person." Secondly, Allstate claimed that Brannon was injured as a result of Dowda's intentional act. Lastly, it was contended that coverage was excluded because the shooting was a criminal act. The case was tried before a jury. Special interrogatories were submitted to resolve specific factual matters regarding the applicability of these exclusions. The jury found the policy exclusions inapplicable to the facts of the case and judgment was entered on the special verdicts. Allstate's motion for new trial was overruled and this direct appeal followed.

In its first enumeration, Allstate contends the trial court erred in giving the following jury instruction: "[A]n insurance policy is a contract. I charge you that an exclusionary provision in an insurance contract is to be construed strictly against the insurer, but it is equally true that the construction must be a reasonable construction." Relying on *Colonial Penn Ins. Co. v. Hart*, 162 Ga. App. 333, 334 (2), 335 (291 SE2d 410), Allstate argues that this charge on certain legal principles applicable to the construction of an ambiguous term in an insurance contract was harmful error, because no such jury question was presented.

" '(I)t is not the province of the jury to construe unambiguous contracts. In fact it is error to submit such question to the jury. (Cit.) The duty to construe contracts is upon the court. (Cits.)' *American Cas. Co. v. Crain-Daly Volkswagen*, 129 Ga. App. 576, 579 [(200 SE2d 281)]." *Transamerica Ins. Co. v. Thrift-Mart*, 159 Ga. App. 874, 879 (3), 881 (285 SE2d 566). " 'Contracts, even when ambiguous, are to be construed by the court and no jury question is presented unless after application of applicable rules of construction an ambiguity remains. (Cits.) Insurance policies being contracts, the decisions have held that the matter of construction is for the court. (Cits.)' *American Cas. Co. v. Crain-Daly*, 129 Ga. App. 576, 579[, supra]." *Colonial Penn Ins. Co. v. Hart*, 162 Ga. App. 333, 335 (3), 336, supra. I agree with Allstate and the majority that, in the case sub judice, no issue was timely raised below as to any possible ambiguity in any of the exclusions sought to be applied. But see *Southeastern Fidelity Ins. Co. v. Fluellen*, 128 Ga. App. 877, 879 (198 SE2d 407) (physical precedent). However, an erroneous or unwarranted submission of the contract to the jury for contract construction was not necessarily harmful error, *Tilton v. Butts, DePue & Co.*, 78 Ga. 30, hn. 1, and it is at this juncture that my analysis differs from that of the majority.

"While it is the duty of the court to construe a written contract, still a new trial will not be granted for failure to discharge this duty where the contract is submitted to the jury and properly construed by them. Especially is this true in a case where, if the contract had been properly construed by the court, the construction would have been

adverse to the plaintiff in error and the result would have been the same as reached by the jury in their verdict. *Main v. Simmons*, 2 Ga. App. 821 (59 SE 85); [cit.]." *South Ga. Trust Co. v. Neal*, 174 Ga. 24, hn. 2 (161 SE 815). The special verdict form employed in the case sub judice shows that the jury was instructed to make three determinations which were strictly factual: (1) Was Brannon a resident of Dowda's household at the time of the shooting?; (2) Was the shooting a criminal act, and if so, was it justified?; and (3) Was the shooting intended or expected from the perspective of the insured, Dowda? I fully agree that the trial court erred in giving the inapplicable two-sentence charge on the construction of exclusionary provisions contained in a contract of insurance, regardless of whether that "construction must be a reasonable construction." However, it is my view that, the jury in fact did not construe the contract but were narrowly directed to purely factual matters by virtue of the special verdict. Accordingly, the unwarranted instruction in the case sub judice cannot be said to have effectively directed a verdict against the insurer, as was the case in *Transamerica Ins. Co. v. Thrift-Mart*, 159 Ga. App. 874, 879 (3), supra. It follows that the error in giving this unwarranted instruction was immaterial to the issues actually decided by the jury and the trial court did not err in overruling the insurer's motion for new trial on this ground. *South Ga. Trust Co. v. Neal*, 174 Ga. 24, 25, hn. 5, supra. I would distinguish the whole court case of *Ga. Farm Bureau Mut. Ins. Co. v. Burnett*, 167 Ga. App. 480, 482 (2), 483 (306 SE2d 734), relied upon by the majority. In *Ga. Farm Bureau*, the trial court gave an inapplicable jury charge on the construction of ambiguities with regard to an unambiguous exclusionary clause in an automobile insurance policy. This inapplicable instruction could not be deemed harmless error despite the use of special interrogatories where this court had already determined that the trial court erroneously directed a verdict in favor of the insured as to one of two factual issues determining coverage vel non for gunshot injuries sustained when insured intentionally pointed a loaded gun at another. As it is my view that this authority is not controlling under the facts of the case sub judice, I would apply the harmless error analysis employed by the Georgia Supreme Court in *South Ga. Trust Co. v. Neal*, 174 Ga. 24, hn. 2, supra, and hold that a new trial is not mandated by the harmless error presented in this case. Consequently, I respectfully dissent from Division 1 of the majority opinion and from the judgment of reversal.

I am authorized to state that Presiding Judge Beasley and Senior Appellate Judge Harold R. Banke join in this opinion.

DECIDED JULY 15, 1994 —
RECONSIDERATION DENIED JULY 29, 1994.

*Downey & Cleveland, Russell B. Davis, W. Curtis Anderson*, for appellant.

*Parker & Lundy, William L. Lundy, Jr., Mundy & Gammage, Miles L. Gammage, Daniel B. Simon III*, for appellees.