## 42737. CITY OF ATLANTA v. RANSOM.

HALL, Judge. The defendant city appeals from the judgment of the trial court overruling its motion for summary judgment in the plaintiff's suit for alleged negligence of the city in maintenance of a public sidewalk. The petition alleged: The plaintiff was injured on a sidewalk constructed and maintained by and under the control of the city, when he stepped and fell at a place where there was a dangerous difference in the height of two concrete slabs of the sidewalk where they joined together. The plaintiff's injuries and damages were caused by the city's negligence in failing to keep and maintain its sidewalk in a reasonably safe condition, in failing to discover and remove the defect which had existed at least a year before the plaintiff was injured, in permitting the dangerous condition to exist when it had actual knowledge or should have known of its existence.

The purpose of considering the pleadings on summary judgment is to show the causes alleged in order that by comparison with the evidence it can be determined if the movant should prevail. *Crutcher v. Crawford Land Co.,* 220 Ga. 298 (3) (138 SE2d 580); *Daniell v. Collins,* 222 Ga. 1, 3 (148 SE2d 295). The evidence presented upon the motion for summary judgment showed without dispute that the sidewalk at the place where the plaintiff alleged he stepped and fell was not constructed and maintained by the city, but was constructed by Fulton County around 1950 adjoining the city sidewalk, and the line between the properties of the city and

Fulton County was where the two sidewalks joined, and the city had never maintained or attempted to maintain the sidewalk on the county property.

The evidence thus pierced the allegation of the petition that the plaintiff was injured on a sidewalk constructed and maintained by and under the control of the city, and showed that there was no genuine issue of material fact as to the cause of action raised by the petition. The trial court erred therefore in overruling the defendant's motion for summary judgment.

This is true even though the allegations of this petition might be amendable so as to set out a cause of action on another theory, upon which the evidence considered by the trial court would create a genuine issue as to the city's liability. See *Zettler v. City of Atlanta*, 66 Ga. 195; 19 McQuillin, Municipal Corporations (3d Ed.) 214 et seq., 259 et seq., 343, §§ 54.67, 54.69, 54.80, 54.91. But see *Kesot v. City of Dalton*, 94 Ga. App. 194 (94 SE2d 90).

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*

ARGUED APRIL 3, 1967—DECIDED MAY 9, 1967.

*Henry L. Bowden, Ferrin Y. Mathews,* for appellant.
*James O. Goggins,* for appellee.