## 52288. CLARY APPLIANCE & FURNITURE CENTER, INC. v. BUTLER.

QUILLIAN, Judge.

Plaintiff/appellant filed an action upon an open account alleging defendant was indebted to him in the sum of $3,634.69. Defendant answered and denied that he was indebted to plaintiff in any amount, alleging the amount referred to was owed by one Gayle Roberson, and that credit on the open account was not extended by plaintiff to defendant but to Roberson. The jury returned a verdict for defendant. Plaintiff's motion for a new trial was overruled by the court. Plaintiff appeals. *Held:*

1. Defendant Butler orally contracted with Gayle Roberson to construct a house. Upon presentation of the final bill, Roberson contended that the contract price for the house was $38,000. Butler testified that the contract price was "cost plus ten per cent" and $150 per week salary.

Plaintiff submitted the successful bid to install heating and air conditioning in the house. He testified that he submitted the bid to "Butler Construction Company" but that Mrs. Roberson selected the units to be installed. Defendant contended that plaintiff had extended credit to the Roberson's and not to him and that plaintiff was aware of his agency. Accordingly, he vouched Roberson into the action under the provisions of Code § 38-624, by serving him a "Vouchment and Notice of Pendency of Suit." Roberson did not appear or answer. However, plaintiff subpoenaed him and when the Court asked plaintiff's counsel to "[c]all your witnesses," counsel called "Mr. Clary, Mr. Gayle Roberson and Mrs. Roberson." They were sworn by the court.

Plaintiff presented only the testimony of Mr. Clary

and never called either Mr. or Mrs. Roberson to the stand. After the close of the plaintiff's case, defendant called Mr. Roberson "for the purpose of cross-examination." Plaintiff objected and stated that he only "wanted him here in case I needed him, but I have not called him to testify, and until I do he is not entitled to be cross-examined." The court stated, "my assent that he be allowed to testify is two-pronged. I think as the vouchee he is a party . . . and I just think he should be allowed to cross-examine him." Roberson was placed on the stand by the defendant and was asked leading questions.

This court held in *Masters v. Pardue,* 91 Ga. App. 684 (86 SE2d 704), that a vouchee is not a party defendant to a law action, and cannot properly be made a party defendant to the record over the objection of the plaintiff. In the instant case, the record reveals no objection by the plaintiff to the vouchment procedure. In *Southern R. Co. v. Acme Fast Freight, Inc.,* 193 Ga. 598 (19 SE2d 286), our Supreme Court held "the mere avouchment of a third person by a defendant to a suit, under the claim of a remedy over against him, and the failure of the vouchee to respond, does not adjudicate the validity of such claim of the voucher against his vouchee . . . The underlying purpose of the rule . . . is to conclude the vouchee upon the question of voucher's liability to the original plaintiff and the amount of such liability; thus leaving for future determination only the one other question as to whether or not the vouchee is in fact liable over to the vouching defendant. The vouchee acts at his peril in failing to come in and defend to the extent that if, after being vouched, he fails to respond or refuses to protect his interest, and should thereafter be held liable . . . to the voucher, he will not thereafter be permitted to question 'the amount and the right of the plaintiff to recover' in the original suit."

Chief Judge Russell sheds additional light upon the status of a vouchee in *Raleigh R. &c. Co. v. Western &c. R. Co.,* 6 Ga. App. 616, 622 (65 SE 586), in holding that "[i]n order for the principle embodied in [Code § 38-624] to become applicable . . . it must appear that the person vouched as responsible over is no longer to be regarded as a stranger to the action, for the substantial reason that he has the right to appear and defend, *and has the same*

*means of* defeating recovery as if he were a real party upon the record . . ."

However, we are bound by the holding of *Pardue v. Masters,* 211 Ga. 772 (88 SE2d 385), which affirmed 91 Ga. App. 684, supra, and held that "a vouchee is not a party defendant." When viewed in retrospect, it is unusual that a vouchee has the right to appear and defend, answer the complaint, assert any defense, and is bound by the decision as to liability of the defendant to the plaintiff and the amount of the judgment, but "is not a party defendant." Accordingly, the first basis given by the trial court for permitting cross examination of the vouchee by defendant is incorrect.

2. Code § 38-1706 states, "[l]eading questions are generally allowed only in cross-examination; but the court may exercise a discretion in granting the right to a party calling the witness, and in refusing it to the opposite party, when, from the conduct of the witness *or other reason, justice shall require it."* (Emphasis supplied.)

Permitting leading questions being a matter within the sound discretion of the judge, it will not constitute reversible error "unless palpably unfair and prejudicial to the complaining party." *Maddox v. City of Eatonton,* 8 Ga. App. 817 (3) (70 SE 214); *Hawthorne v. Pope,* 51 Ga. App. 498 (2) (180 SE 920); *Smith v. State,* 74 Ga. App. 777 (41 SE2d 541), cert. den. 332 U. S. 772; *Hanson v. State,* 86 Ga. App. 313 (71 SE2d 720); *Beaudrot v. State,* 126 Ga. 579 (55 SE 592); *Greer v. State,* 159 Ga. 85 (125 SE 52); *National Land &c. Co. v. Zugar,* 171 Ga. 228 (1) (155 SE 7).

In the instant case the vouched party's interest was adverse to that of defendant. His house had a materialman's lien filed against it by the defendant. He controverted defendant's assertion that the contract between them was for "cost plus ten per cent." He denied that plaintiff extended credit to him for the material installed in his home, as contended by defendant. Accordingly, under the circumstances shown by the record, that the vouchee was subpoenaed by the plaintiff and sworn as his witness (Cf. *Lunday v. Thomas,* 26 Ga. 537 (1); *Brown v. State,* 28 Ga. 199 (2); *McRae v. Boykin,*

50 Ga. App. 866, 875 (179 SE 535)), that his interest was adverse to that of defendant, and his testimony was material and relevant to defendant's defense, we find no abuse of discretion of the trial court in permitting the voucher to cross examine the vouchee. This enumeration is without merit.

3. Plaintiff's motion for a new trial was predicated upon the general grounds plus the issue decided adversely to him in Division 2 above. Once a verdict has been secured which has the approval of the trial judge, the "any evidence" rule applies, thus, if there is any evidence to support the verdict it will be upheld by this court despite the fact that there may be conflicting evidence. *Allen v. State,* 137 Ga. App. 21 (222 SE2d 856). There is sufficient evidence to support the verdict and judgment. The trial court did not err in overruling plaintiff's motion for a new trial.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

Argued May 24, 1976 — Decided July 6, 1976.

*Jean William Pierce,* for appellant.

*Heard, Leverett & Adams, E. Freeman Leverett,* for appellee.