## 52952. HAMPTON et al. v. McCORD et al.
## 52953. HAMPTON v. McCORD et al.

SMITH, Judge.
Seeking damages for the wrongful death of their minor son, plaintiffs, James Hampton and Lena Mae Hampton, brought separate suits against Jerry Wayne Gilham, C. L. McCord and the Georgia Kraft Company. The lawsuits arose out of a collision between a motorcycle on which plaintiffs' son was a passenger and a truck driven by defendant Gilham. The collision occurred as

Gilham, a producer in the pulpwood industry, hauled a loader to a log cutting site.

Several weeks before the collision, Gilham purchased the truck and loader from defendant McCord. McCord was a pulpwood dealer for defendant Georgia Kraft Company. As a pulpwood dealer, McCord acted as a broker in transactions involving the sale of pulpwood to the Georgia Kraft Company. He informed Gilham and other producers as to the whereabouts of various timber cutting jobs. If the producer was interested in the job, he proceeded to the designated site to begin logging operations. When the producer brought the pulpwood to defendant Georgia Kraft Company, payment was made to McCord on a unit basis. McCord then paid the producers, deducting sums for workmen's compensation premiums. In Gilham's case, McCord also deducted certain sums for the equipment which Gilham had purchased.

Each complaint alleged that plaintiffs' decedent was killed by the negligence of defendant Gilham; that Gilham was the servant of defendants McCord and Georgia Kraft Company; and that Gilham was acting within the scope of his employment at the time of the collision. Defendants answered, denying the material allegations of the complaint.

Following discovery, summary judgment was granted on behalf of defendant Georgia Kraft Company. No appeal was taken from that judgment. Thereafter, defendant McCord filed a summary judgment motion. Before the court rendered its decision on McCord's motion, plaintiffs filed amendments to their complaints. The amended complaints alleged that McCord was negligent in hiring defendant Gilham and that McCord's negligence was the proximate cause of the death of plaintiffs' son.

The trial court granted defendant McCord's motion for summary judgment. These appeals followed, presenting two questions for review. First, does a genuine issue of material fact exist as to whether Gilham was an independent contractor? Second, does a genuine issue of material fact exist as to whether McCord was negligent in hiring Gilham?

1. "The true test whether a person employed is a servant or an independent contractor is whether the

employer, under the contract, whether oral or written, has the right to direct the time, the manner, the methods, and the means of the execution of the work, as contradistinguished from the right to insist upon the contractor producing results according to the contract, or whether the contractor in the performance of the work contracted for is free from any control by the employer of the time, manner, and method in the performance of the work. [Cits.]" *Banks v. Ellijay Lumber Co.,* 59 Ga. App. 270, 272 (200 SE 480).

The evidence presented in support of McCord's motion for summary judgment demonstrates that McCord did not have the right to control the time, manner or method of Gilham's work. Gilham himself chose the timber cutting jobs which he undertook. McCord did not have the right to instruct Gilham as to which tracts he was to cut. McCord did not have the right to instruct Gilham as to when or how the timber was to be cut. And McCord did not have the right to instruct Gilham as to who he was to employ or discharge. Accordingly, one must conclude that an agency relationship did not exist between McCord and Gilham.

Our conclusion is corroborated by the affidavit of McCord. The purported master averred that "Jerry Wayne Gilham was not, on August 18, 1974, or at any other time, an employee, agent or servant of mine." Of course, the bare denial of an agency relationship is a statement of *fact* when made by a party to the alleged relationship. *Salters v. Pugmire Lincoln-Mercury, Inc.,* 124 Ga. App. 414 (184 SE2d 56). And this fact is sufficient to support a motion for summary judgment in an action based upon the doctrine of respondeat superior.

Section 56 (e) of the Civil Practice Act provides, in part: "When a motion for summary judgment is made and supported as provided in this section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Have plaintiffs so responded?

Plaintiffs contend a jury question exists as to

whether Gilham was an independent contractor because McCord deducted workmen's compensation premiums from the payments to Gilham. We disagree.

It is customary in the pulpwood industry to provide workmen's compensation insurance on behalf of independent contractors and their employees. See generally *U. S. F. & G. Co. v. Murray,* 140 Ga. App. 708. This practice provides workmen's compensation coverage for workmen who are not necessarily included within the parameters of the Workmen's Compensation Act.

Where such workmen's compensation insurance is provided, a definite contract in favor of the workman is created. The contract is binding and the insurer is estopped from pleading that the "employer" is not subject to the Act. *Walker v. Hill-Harmon Pulpwood Co.,* 138 Ga. App. 282 (226 SE2d 86), affd. 237 Ga. 736 (229 SE2d 607).

In the case at bar, therefore, McCord became Gilham's "employer" by virtue of a workmen's compensation policy. But McCord was Gilham's "employer" solely for workmen's compensation purposes. The mere fact that McCord deducted sums for compensation insurance from his payments to Gilham cannot be said to have altered the common law relationship between the parties.

Plaintiffs also contend a question of fact exists as to whether Gilham was an independent contractor because he was not experienced in the logging business. The contention is not supported by the record. Mullich v. Brocker, 119 Mo. App. 332 (97 SW 549), upon which plaintiffs rely, is not apposite here.

2. We think the trial court properly concluded that as a matter of law McCord was not negligent in his selection of Gilham as an independent contractor. Contrary to plaintiffs' contention, the evidence does not show that, in contracting with Gilham, McCord hired a producer who used defective equipment. In fact, the evidence clearly shows that the truck driven by Gilham was not in a substandard condition.

Plaintiffs assert a genuine issue of material fact exists with regard to McCord's alleged negligence because McCord did not select a contractor who was

financially responsible. See in this connection, Restatement 2d Torts, § 411 (g). We decline to so extend the liability of a person engaging an independent contractor where, as here, the contractor's work does not take place in an inappropriate surrounding and does not ordinarily expose others to peril. See generally Majestic Realty Associates, Inc. v. Toti Contracting Co., 30 N. J. 425 (153 A2d 321).

3. The trial court did not err in granting defendant McCord's motion for summary judgment.

*Judgments affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED OCTOBER 5, 1976 — DECIDED JANUARY 5, 1977 — REHEARING DENIED JANUARY 27, 1977 — 

*Mundy & Gammage, Gerry E. Holmes,* for appellants.

*Smith, Shaw, Maddox, Davidson & Graham, James D. Maddox, Parker & O'Callaghan, James I. Parker,* for appellees.