## 55369. SLOAN v. HOBBS SPORTING GOODS SHOP et al.

QUILLIAN, Presiding Judge.

This is an appeal from the grant of a summary judgment to one of four defendants, Hobbs Sporting Goods Shop. Mr. R. G. Sloan was the owner of a marina at Little River Park on Lake Sinclair. He rented a boat stall to Mr. Herschel Screws. Mr. Screws in November of 1971 purchased a pontoon cruiser boat from Hobbs Sporting Goods Shop. Mr. Billy Hobbs, owner of the Sporting Goods Shop "was to deliver the boat to Lake Sinclair and float same on the lake." Mr. Hobbs hired Graham Brothers Construction Company to deliver the boat.

On the night of November 19, 1971, Mr. Sloan saw a "low boy" flat-bed trailer unloading a pontoon boat at his ramp in the marina. The flat body of the trailer had

dropped off of the end of the launching ramp while attempting to float the pontoon boat off the trailer. The ramp was severely damaged. Mr. Sloan brought suit on July 21, 1977 against Hobbs Sporting Goods Shop, Graham Brothers Construction Company, Claude Graham, Jr., and Mr. Herschel Screws. Hobbs Sporting Goods moved for and was granted summary judgment. Plaintiff appeals. *Held:*

In his affidavit accompanying the motion for summary judgment, Mr. Hobbs stated that he hired the Graham Brothers Construction Company to deliver the boat and he did not have any immediate direction or control over how or when the boat was delivered. He did not have the right to direct the time, manner, method, or means of executing the delivery. Neither he nor any of his agents or employees was present at the delivery nor did they assist in the delivery, or exercise any control over the unloading, means of unloading, or place of unloading of the boat at Lake Sinclair.

Mr. Graham testified in a deposition that he was the president and general manager of Graham Brothers Construction Company. He was out of town when the agreement was made with Mr. Hobbs. Mr. Thomas Slade, "a job foreman" for the construction company, entered into the agreement with Mr. Hobbs. Mr. Graham learned of the contract after he returned to town. It was his equipment that was used in the delivery and he billed Hobbs Sporting Goods for the delivery and they paid him for it. The majority of Mr. Graham's testimony was hearsay and we will not consider that portion of it. *Thornton v. Alford,* 112 Ga. App. 321 (2) (145 SE2d 106); *Matthews v. Wilson,* 119 Ga. App. 708 (168 SE2d 864); *Sumter County v. Pritchett,* 125 Ga. App. 222, 231 (186 SE2d 798).

The specific question on appeal from this grant of summary judgment is whether or not there was a genuine issue of material fact with respect to whether Mr. Thomas Slade was an employee-servant or a "loaned servant" of Hobbs Sporting Goods under Code § 105-108, or an independent contractor under Code § 105-501. See *Buchanan v. Canada Dry Corp.,* 138 Ga. App. 588 (226 SE2d 613).

" 'The true test whether a person employed is a servant or an independent contractor is whether the employer, under the contract, whether oral or written, has the right to direct the time, the manner, the methods, and the means of the execution of the work, as contradistinguished from the right to insist upon the contractor producing results according to the contract, or whether the contractor in the performance of the work contracted for is free from any control by the employer of the time, manner, and method in the performance of the work. [Cits.]' *Banks v. Ellijay Lumber Co.,* 59 Ga. App. 270, 272 (200 SE 480)." *Hampton v. McCord,* 141 Ga. App. 97 (1) (232 SE2d 582).

Defendant Hobbs Sporting Goods denied in effect, the elements cited above of a relationship of employer-employee. A denial of such relationship is a statement of fact when made by a party to the alleged relationship. *Salters v. Pugmire Lincoln-Mercury,* 124 Ga. App. 414 (184 SE2d 56). "And this fact is sufficient to support a motion for summary judgment in an action based upon the doctrine of respondeat superior." *Hampton v. McCord,* 141 Ga. App. 97, 99, supra.

When a motion for summary judgment is made and supported by facts contained in an affidavit, the adverse party may not rest upon his pleadings or denials, but his response must set forth specific facts showing there is a genuine issue for trial. *Meade v. Heimanson,* 239 Ga. 177, 178 (236 SE2d 357). Plaintiff has not produced any evidence to refute defendant Hobbs' facts or evidence to raise an issue that defendant Graham Brothers Construction Company was not an independent contractor of defendant Hobbs Sporting Goods. The trial court did not err in granting summary judgment to defendant Hobbs Sporting Goods.

*Judgment affirmed. Webb and McMurray, JJ., concur.*

SUBMITTED FEBRUARY 7, 1978 — DECIDED
MARCH 10, 1978.

*Eva L. Sloan,* for appellant.

*Jones, Jones & Hilburn, Eric L. Jones, Martin, Snow, Grant & Napier, Hendley V. Napier, Lawrence, Rice & Lawrence, George D. Lawrence,* for appellees.