## 33648. HAZLIP v. MORRIS et al.

Marshall, Justice.

This land line dispute was resolved against the appellant by a jury verdict and judgment in his action to enjoin the defendants' interference with his possession of property to which he allegedly had fee simple, record title. The errors enumerated — denial of the motions for directed verdict, for judgment notwithstanding the verdict, and, alternatively, for a new trial — raise the issue of the sufficiency of the evidence to authorize the verdict. Enumeration 2 argues the weight of the evidence; this court considers only its sufficiency. *Ridley v. State,* 236 Ga. 147, 149 (1) (223 SE2d 131) (1976). We affirm.

From a common grantor, the parties were devised two adjoining tracts of land, each being described by the will by bounds and as being "87 1/2 acres, more or less." The dividing line, which is the issue in the case, was described as "the center of a turn road." This is a devise of land by the tract and not by the acre. See *Hancock v. Nashville Invest. Co.,* 128 Ga. App. 58 (1) (195 SE2d 674) (1973) and cits. "Where the boundaries of lands devised by a will are fixed, and this fact is patent upon the face of the will itself, but the description of the land comprised within those boundaries is ambiguous, parol testimony is admissible to adjust the description to the boundaries so fixed, but not for the purpose of changing the boundaries." *Napier v. Little,* 137 Ga. 242 (1a) (73 SE 3) (1911). "Traditionary evidence as to ancient boundaries and landmarks shall be admissible in evidence, the weight to

be determined by the jury according to the source whence it comes." Code § 38-313.

The jury's finding of the common boundary to be the land lot line was authorized by testimony of defendants' witnesses to the effect that the land lot line and the "turn road," or "turn row," were identical. Although the plaintiff contends that the line found by the jury gives him less than the 87 1/2 acres devised in the will (although we have held hereinabove that the devise was by the tract and not by the acre), he testified that his own survey of the area south of the land lot line showed a total of an even 87 acres, or within one half acre of the devised acreage. Although the evidence was conflicting as to the location of the property line in dispute, the evidence authorized the jury to find in accordance with the defendant's contentions; therefore none of the rulings enumerated as error was erroneous. See *Anthony v. Garrett,* 236 Ga. 485 (7) (224 SE2d 347) (1976).

*Judgment affirmed. All the Justices concur.*

Submitted May 26, 1978 — Decided September 5, 1978.

*Charles C. Brooks,* for appellant.
*J. Laddie Boatright,* for appellees.