## 56856. BLACKBURN v. WITHROW TIMBER COMPANY, INC. et al.
## 56857. FRY v. WITHROW TIMBER COMPANY, INC. et al.

ARGUED NOVEMBER 13, 1978 — DECIDED DECEMBER 1, 1978 — REHEARING DENIED DECEMBER 14, 1978.

*Douglas W. McDonald,* for appellant (Case No. 56856).

*Cathey & Strain, Dennis T. Cathey,* for appellant (Case No. 56857).

*Lawrence, Rice & Lawrence, George D. Lawrence, Jr., Erwin, Epting, Gibson & McLeod, Henry G. Garrard, III, Henry Green, Seaborn Ashley, Fortson, Bentley & Griffin, J. Edward Allen,* for appellees.

DEEN, Presiding Judge.

1. The trial court in its order correctly stated that the only issue at this stage of the proceedings is as to the status of J. L. F. & S. Co., and whether it has been established conclusively that this company was an independent contractor as to Withrow Timber Co. rather than an agent or employee such that its negligence could be charged against this timber purchaser. The appellees of course argue that the hauler is indisputably an independent contractor and that the evidence only shows

a need upon it to conform to its contract with the timber company (as well as that company's contracts with the owners of various stands of timber), and does not show that degree of the right to control the time, manner, methods and means of execution which would obtain in a master-servant relationship. The judge held: "The facts as illustrated by the pleadings, presented discovery and especially the depositions, show a possibility of something more than just supervision toward promoting conformity to the contract. Since the word 'control' is not, in fact, exact in and of itself, the evidence is not conclusive as to whether there was or was not in fact that requisite control needed to be able to designate one as an employee or an independent contractor." We agree with this part of the court's order. Among other facts, the truck, title to which was in J. L. F. & S. Co., was being purchased by it from Withrow on the installment plan, as were also three skidders and a loader, and the trailer was leased by Withrow to the hauler. More than one stand of timber was involved. The hauler was instructed where the timber was to be cut, where delivered, and the quantity, which varied. There was no written contract between these companies, but the hauler was required to conform to the specifications of the timber company and the landowner as would the company itself, he had only three employees, and so on.

The court, however, grounded the grant of his summary judgment entirely on his interpretation of *Sloan v. Hobbs Sporting Goods Shop,* 145 Ga. App. 255 (243 SE2d 673) (1978) and *Hampton v. McCord,* 141 Ga. App. 97 (232 SE2d 582) (1977). In *Hampton,* after holding that no agency relationship existed, we held that our conclusion was corroborated by the denial of an agency relationship in an affidavit of one of the alleged principals, that such a denial is a statement of fact, and that it is sufficient to support a motion for summary judgment. The meaning of that statement is not that any denial of the relationship by the parties will alone be a sufficient base for summary judgment, but that the statement must be treated as a fact so that, when not controverted directly or circumstantially, it may prevail. That statement was repeated in *Sloan,* but it must not be

taken to mean that the mere denial of a master-servant relation by the master or servant or both is conclusive where other facts appearing from depositions, interrogatories, uncontroverted pleadings or affidavits raise jury issues. "Implications inconsistent with the testimony may arise from the proved facts; and in still other ways the question of what is the truth may remain as an issue of fact despite uncontradicted evidence in regard thereto." *Cooper v. Lumbermen's Mut. Cas. Co.,* 179 Ga. 256, 261 (175 SE 577) (1934). The *Sloan* case does not require summary judgment here merely because the defendants' denials were not directly controverted by affidavit or deposition.

2. The cutting and hauling of timber is a time honored occupation in Georgia, and the books are replete with cases where a master-servant relationship between the timber company and the hauler is alleged and denied under various sets of circumstances. These usually hinge on the right to control the time, method and manner of doing the work. "Where the question of control is not discussed at the time the service is engaged, and where it never arises during performance, it is often exceedingly difficult to determine whether the employer had, or intended to reserve, such right. However, it has been held in a number of decisions that where one is employed generally to perform certain services for another, and there is no specific contract to do a certain piece of work according to specifications for a stipulated sum, it is inferable that the employer has retained the right to control the manner, method and means of the performance of the contract, and that the employee is not an independent contractor." *Travelers Ins. Co. v. Moates,* 102 Ga. App. 778, 781 (117 SE2d 924) (1960) and citations. And in still another timber hauling case the grant of summary judgment on this issue under similar facts was held error in *Nobles v. H. W. Durham & Co.,* 226 Ga. 134, 136 (173 SE2d 200) (1970), stating that the decisions of *Malcom v. Sudderth,* 98 Ga. App. 674 (106 SE2d 367) (1958) and *Campbell v. Travelers Ins. Co.,* 100 Ga. App. 853 (112 SE2d 311) (1959) and like cases "foreclose any question" but that a finding would be authorized under the evidence that a master-servant or

agency situation obtained. The evidence in this case does not demand a finding that the hauler was an independent contractor rather than a servant or agent, and the trial judge so noted. It was therefore error to grant summary judgment to the defendant Withrow Timber Co., Inc.

*Judgment reversed. Smith and Banke, JJ., concur.*