## 39626. PONDER v. PONDER.

McMILLAN, Judge.

In 1952 Gordon Ponder divided his farm land in Grady County between his two sons. Lester received the northern portion and Junior received the southern portion. The dividing line, as stated in the deeds to both sons, is "the fish pond branch." The problem is that there are two creeks which flow to the fish pond. This has caused the ownership of the triangular-shaped area between the two branches to be in dispute. Unfortunately, it is not possible to read the descriptions in the deeds and determine which of the two creeks was intended to be the true boundary.

Lester Ponder filed suit against Junior's widow seeking to enjoin her interference with his possession of the land in dispute. The issues at trial were whether the boundary described in the deed was the southern branch as contended by the plaintiff or the northern branch as contended by the defendant, and if it was determined to be the southern branch, whether the defendant had established title by adverse possession. The jury returned a verdict for the plaintiff.

Defendant appeals and enumerates errors, to wit: (1) the trial judge's refusal to direct a verdict in her favor; (2) admission of evidence regarding the conduct of her children toward the plaintiff and his family; (3) the failure to give her requested charge pertaining to title by prescription; and (4) insufficiency of the evidence to authorize the verdict.

1. Parol evidence was submitted to the jury indicating that either branch could be the dividing line. *Thompson v. Hill,* 137 Ga. 308 (3) (73 SE 640) (1911); *Hazlip v. Morris,* 242 Ga. 7 (247 SE2d 747) (1978). Although conflicting, there is creditable evidence justifying the jury's verdict which established the southern branch as the line described in the deeds. By accepting the southern branch as the true line the jury rejected the defendant's first contention that the true line was the northern branch. Likewise, it rejected her other contention that she and her predecessor acquired title to the disputed land by prescription. Considering only the sufficiency and not the weight of the evidence, we find it sufficient to support the jury's verdict. *Williams v. Murray,* 239 Ga. 276 (1) (236 SE2d 624) (1977); *Hazlip v. Morris,* supra; *Anthony v. Garrett,* 236 Ga. 485 (7) (224 SE2d 347) (1976).

2. Additionally, the defendant contends that the trial court should not have admitted testimony relating to the disputes between the parties and their family members on the ground that its admission was prohibited by OCGA §§ 24-2-1 and 24-2-2 (Code Ann. §§ 38-201, 38-202). In this case, however, such testimony was relevant

to the issue of adverse possession and the trial court did not abuse its discretion in admitting it. *Baker v. State,* 246 Ga. 317, 319 (271 SE2d 360) (1980); *Ga. Savings Bank &c. Co. v. Marshall,* 207 Ga. 314 (1) (61 SE2d 469) (1950).

3. Defendant further contends that the trial judge erred in failing to charge one of her requests to charge which related to a principle of prescriptive title. Review of the charge given, however, establishes that the trial court accurately and fully charged the relevant law; thus it was not error to fail to charge in the exact language requested. *Freeman v. Saxton,* 243 Ga. 571, 573 (255 SE2d 28) (1979); see *Rutland v. Taylor,* 232 Ga. 893 (209 SE2d 218) (1974).

*Judgment affirmed. Hill, C.J., Marshall, P.J., Clarke, Gregory and Bell, JJ., concur. Smith and Weltner, JJ., disqualified.*

DECIDED JUNE 28, 1983 —
REHEARING DENIED JULY 22, 1983.

*Fred B. Hand, Jr., Jack G. Slover, Jr., J. Patrick Ward,* for appellant.

*Thomas L. Lehman, William U. Norwood III,* for appellee.

