70313. BOWMAN et al. v. C. L. McCORD LAND & PULPWOOD DEALER, INC.
(331 SE2d 882)

BANKE, Chief Judge.

The appellants' mother was killed when she lost control of her automobile in an attempt to avoid a pulpwood truck which had stalled on the highway while being operated by one John House. The appellants filed this wrongful death action against House, naming the appellee (C. L. McCord Land & Pulpwood Dealer, Inc., d/b/a McCord Enterprises and Vendors) as a co-defendant, based on the doctrine of respondeat superior. This appeal is from the grant of McCord's motion for summary judgment.

McCord is what is known in the pulpwood industry as a "broker." As such, it purchases timber from various sellers for resale to Georgia Kraft Company, hiring various independent producers,

known as "vendors," to cut and deliver the timber. In March of 1983, defendant House purchased a loaded pulpwood truck which had become stuck in the woods and obtained authorization from McCord to deliver the load to Georgia Kraft as a vendor for McCord. After extricating the truck from the location where it was stuck, House drove it onto the highway, where it promptly stalled, causing the accident which resulted in the decedent's death.

The appellants concede that McCord exercised no control over the time, place, and manner of House's performance. However, they contend that House may nevertheless be considered McCord's servant pursuant to OCGA § 51-2-4, in that his operation was not an "independent business" but was instead an integral part of McCord's enterprise. *Held*:

1. Under OCGA § 51-2-4, "[a]n employer generally is not responsible for torts committed by his employee when the employee exercises an independent business and in it is not subject to the immediate direction and control of the employer." The chief test to be applied in determining whether a person is employed as a servant or as an independent contractor has long been and continues to be whether the contract gives, or the employer assumes, the right to control the time, manner, and method of the performance of the work, as distinguished from the right merely to require certain definite results in conformity with the contract. See, e.g., *Jordan v. Townsend*, 128 Ga. App. 583, 584 (197 SE2d 482) (1973); *St. Paul Cos. v. Capitol Office Supply Co.*, 158 Ga. App. 748 (282 SE2d 205) (1981). The dissent by then Judge Hall in *Jordan v. Townsend*, supra, urging the substitution of what may be characterized as a "common enterprise" test for the "control" test, has not been adopted by this court or by the Supreme Court. But see *McGuire v. Ford Motor Credit Co.*, 162 Ga. App. 312, 313-314 (290 SE2d 487) (1982), where we held that a written contractual designation of an employee as an independent contractor would be viewed with particular suspicion where the employee performed a function which would normally be regarded as one carried out by subordinates as part of the employer's regular business operations.

With regard to the "independent business" requirement set forth in the code section, the test is essentially whether the contractor has a bone fide existence apart from the employer or functions instead as the employer's alter ego. See *Buchanan v. Canada Dry Corp.*, 138 Ga. App. 588, 592 (226 SE2d 613) (1976) (where evidence that the contractor used the employer's insignias, had no telephone listing of its own, and shared the employer's business address was held to create a question of fact on this issue).

House clearly functioned independently of McCord under the circumstances of this case, and it is undisputed that McCord gave him

no directions or instructions which could reasonably be construed as an assumption of the right to control the time, method, or manner of his performance. Indeed, House's work was not even commissioned by McCord; rather, all McCord did was agree to purchase a load of wood from him upon its delivery by him to Georgia Kraft. The fact that McCord may have assisted its other vendors by advancing money to them or allowing them to charge parts and gasoline to its account is irrelevant under these circumstances to the issue of House's status. On the basis of the undisputed facts of record, the trial court did not err in concluding that House was acting as an independent contractor rather than a servant, and in ruling that his alleged negligence therefore could not be imputed to McCord under the theory of respondeat superior. Accord *Hampton v. McCord*, 141 Ga. App. 97 (1) (232 SE2d 582) (1977).

2. Where, as here, "the contractor's work does not take place in an inappropriate surrounding and does not ordinarily expose others to peril," his employer has no duty either to inspect his equipment for defects or to ascertain his financial responsibility. *Hampton v. McCord*, supra at 100-101. See also *St. Paul Cos. v. Capitol Office Supply Co.*, supra. It follows that no material issue of fact existed under this theory of liability. In any event, we note that the complaint did not assert any claim against McCord based on its failure to exercise due care in agreeing to accept House as a vendor. Consequently, McCord was not required to negate this theory of liability on motion for summary judgment. Accord *City of Atlanta v. Ransom*, 115 Ga. App. 720, 721 (155 SE2d 687) (1967).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED MAY 6, 1985 —
REHEARING DENIED MAY 30, 1985 — 

*Gerry E. Holmes*, for appellants.
*Charles B. Rice, James D. Maddox, G. Scott Hoffman*, for appellee.