## 73648. SOUTHERN RAILWAY COMPANY v. GEORGIA KRAFT COMPANY.

(360 SE2d 605)

BENHAM, Judge.

This litigation arose from a collision between a train belonging to and operated by appellant and a truck driven by Westbrook, an employee of the Burtons, a father and son who operate a pulpwood business. Contending that the Burtons were agents of appellee, appellant brought suit against appellee and the Burtons for damages to its train. After both sides rested at trial, the case was sent to the jury by means of a special verdict form reading as follows: "I. We the jury find that MELVIN WESTBROOK was: A. An agent or employee of Georgia Kraft Company. ( ) OR B. Not an agent or employee of Georgia Kraft Company. ( ) II. A. We the jury find that MELVIN WESTBROOK was negligent in causing the collision in this case. ( ) OR B. We the jury find that the evidence does not demonstrate that MELVIN WESTBROOK was negligent in causing the collision in this case. ( ) III. A. We the jury find for the plaintiff and award damages of $_____. OR B. We the jury find for the defendant. ( )" Using that form, the jury found that Westbrook was not an agent or employee of appellee and found for the defendant. This appeal is from the judgment on that verdict.

1. In appellant's sixth enumeration of error, it complains of the use of the special verdict form on five grounds. Two of those grounds were not raised below and were, therefore, waived. *C & W Land Dev. Corp. v. Kaminsky*, 175 Ga. App. 774 (2) (334 SE2d 362) (1985).

The remaining complaints are that the special verdict form, as submitted, was incorrect, misleading, and unduly prejudicial to appellant. We do not find the form of the special verdict faulty.

As to the complaint that the special verdict form mentioned only Westbrook's name and not the Burtons', we note that the trial court charged the jury extensively on appellant's theory of recovery and told them that Westbrook was an employee of the Burtons and that if the Burtons were agents of appellee, so was Westbrook. Since the jury may be presumed to consider the interrogatories in a special verdict form in light of the trial court's instructions (*E. I. DuPont &c. Co. v. Berkley & Co.*, 620 F2d 1247 (8th Cir. 1980)), and since there could be no question under the instructions given by the trial court that the jury need only find that the Burtons were agents of appellee in order to find that Westbrook was, we find no error in the form of the special verdict.

The basis of appellant's remaining complaints regarding the special verdict form is that it did not focus entirely on the contract between appellee and the Burtons. We do not find the scope of the special verdict form inappropriate. The essential question in agency cases

such as this one is not only whether a contract gives the alleged principal the right to control the agent, but also whether the alleged principal has assumed such a right to control. See *Slater v. Canal Wood Corp.*, 178 Ga. App. 877 (1) (345 SE2d 71) (1986). In several cases involving the relationships between pulpwood producers and the dealers in or users of pulpwood, the courts have focused on a broader range of concerns than just the express terms of the contract. See, e.g., *Slater*, supra; *Bowman v. C. L. McCord Land &c. Dealer*, 174 Ga. App. 914 (331 SE2d 882) (1985); and *Hampton v. McCord*, 141 Ga. App. 97 (232 SE2d 582) (1977). Our review of the record convinces us that the special verdict form is not subject to the criticisms raised by appellant.

2. The seventh enumeration of error in this case is that the trial court refused to employ appellant's suggested verdict form. Since that suggested form sought to focus the jury's attention solely on the contract between appellee and the Burtons, we find, for the reasons expressed in the preceding division of this opinion, no error in the trial court's refusal to adopt appellant's suggestion.

3. In appellant's enumerations of error numbered 8, 9, and 11, appellant takes issue with the charge to the jury as given and with the trial court's refusal to give certain of appellant's requested charges. The complaint that the trial court failed to give appellant's requests to charge numbered 9 and 12 is patently without merit since the trial court gave charges substantially the same as those requested. *Ponder v. Ponder*, 251 Ga. 323 (3) (304 SE2d 61) (1983).

Appellant's argument regarding the trial court's giving in the charge certain instructions requested by appellee runs afoul of a venerable principle repeated recently in *Robert & Co. Assoc. v. Tigner*, 180 Ga. App. 836, 841 (351 SE2d 82) (1986): "On review the charge must be considered as a whole and each part in connection with every other part of the charge. [Cit.] A charge, torn to pieces and scattered in disjointed fragments may seem objectionable, although when put together and considered as a whole, it may be perfectly sound. The full charge being in the record, what it lacks when divided is supplied when the parts are all united. United they stand, divided they fall. [Cits.]" Appellant has, for example, taken portions of the charge concerning various factors to be considered on the issue of agency and contends that these portions, considered separately, overemphasize particular factors. Perhaps such a criticism would be valid if the portions selected had been given to the jury out of context as appellant would have us consider them. Viewing the charge as a whole, however, we find that the trial court gave a balanced and thorough charge on all the pertinent issues in this case.

4. Appellant's tenth enumeration of error is directed first to remarks of the trial court which appellant characterizes as comments on

the evidence. Since appellant did not object at trial to the purported expressions of opinion by the trial judge, it cannot complain about them on appeal. *Walker v. Bishop*, 169 Ga. App. 236 (9) (312 SE2d 349) (1983).

Appellant also contends in that enumeration of error that the trial court's statement while giving one of appellant's requested charges on agency that "this is where the big issue is," improperly implied that there was considerable doubt in the court's mind that agency had been or could be proved. That contention is not supported by the record. It is apparent from context that the trial court was merely alerting the jury to the importance of an issue on which the success of appellant's case depended and on which appellant expended considerable effort at trial and on appeal. The tenth enumeration of error is without merit.

5. Appellant's twelfth enumeration of error concerns the trial court's charge on circumstantial evidence. Appellant argues that the trial court instructed the jury that circumstantial evidence was not sufficient unless it *excluded* every other reasonable hypothesis. If that were so, we would be inclined to agree that the charge was erroneous. Our review of the record, however, reveals that the trial court merely explained to the jury that the circumstantial evidence must be *contrary* to any other reasonable hypothesis. That instruction is in accord with the principles stated in *Radcliffe v. Maddox*, 45 Ga. App. 676 (2) (165 SE 841) (1932). We find no error in the charge as given.

6. Appellee called the younger Burton as a witness. Appellant's counsel objected several times that appellee's counsel was leading his own witness. After sustaining several of appellant's objections to leading questions, the trial court undertook to explain to the jury that one was not normally permitted to ask leading questions of his own witnesses, but that the question of whether Burton was an employee of appellee was a contested issue in this case and, in order to avoid influencing the jury on that issue, the court was giving counsel more leeway than usual with regard to leading questions. "Permitting leading questions being a matter within the sound discretion of the judge, it will not constitute reversible error 'unless palpably unfair and prejudicial to the complaining party.' [Cits.]" *Clary Appliance &c. Center v. Butler*, 139 Ga. App. 233 (2) (228 SE2d 211) (1976). The trial court was merely exercising its discretion in this matter, and we find no abuse of that discretion.

7. Appellant's argument in support of its fifteenth enumeration of error consists of no more than a restatement of the enumeration of error, a statement of the trial court's action, and a contention that the action was "incorrect and invades the province of the jury and their deliberations." That does not constitute an argument in support of the enumeration of error. *Haskins v. Jones*, 142 Ga. App. 153 (1) (235

SE2d 630) (1977). There being neither argument nor citation of authority offered in support of the enumeration of error, it is deemed abandoned. Rule 15 (c) (2) of the Rules of the Court of Appeals of the State of Georgia.

8. Appellant's final enumeration of error (No. 16) raises the general grounds. It is sufficient to state that the evidence at trial authorized the jury to find that the Burtons were independent contractors and that their employees, therefore, were not servants of appellee. See *Slater v. Canal Wood Corp.*, supra; *Bowman v. C. L. McCord Land &c. Dealer*, supra; and *Hampton v. McCord*, supra.

9. The rest of appellant's enumerations of error, all of which concern the issue of negligence, need not be addressed since the jury's finding against appellant on the issue of agency obviated the necessity of a decision on negligence and moots all questions involving that issue.

*Judgment affirmed. Birdsong, C. J., concurs. Deen, P. J., Sognier and Beasley, JJ., concur in Divisions 1, 2, 3, 4, 6, 7, 8, and 9, and in the judgment. McMurray, P. J., Banke, P. J., Carley and Pope, JJ., dissent.*

BANKE, Presiding Judge, dissenting.

I concur in Judge Carley's excellent dissent. I must confess that I do not understand the difference between a charge to the effect that the circumstantial evidence must *exclude* every other reasonable hypothesis and a charge that the circumstantial evidence must be *contrary* to any other reasonable hypothesis. Consequently, I must assume that the average juror would not be able to understand the difference, either.

I am authorized to state that Judge Carley joins in this dissent.

CARLEY, Judge, dissenting.

I must respectfully dissent to the majority's determination that the trial court did not err in its charge on circumstantial evidence. In Division 5 of its opinion, the majority frames the issue by pointing out that plaintiff argues "that the trial court instructed the jury that circumstantial evidence was not sufficient unless it *excluded* every other reasonable hypothesis. If that were so, we would be inclined to agree that the charge was erroneous. Our review of the record, however, reveals that the trial court merely explained to the jury that the circumstantial evidence must be *contrary* to any other reasonable hypothesis. That instruction is in accord with the principles stated in *Radcliffe v. Maddox*, 45 Ga. App. 676 (2) (165 SE 841) (1932)." (Emphasis in majority opinion.) While I agree that the key to the resolution of this issue is found in *Radcliffe* and the cases cited therein, I do not agree that the validity or invalidity of the charge rests *only* upon

the portion summarized by the majority as informing the jury that the circumstantial evidence must be *contrary* to any other reasonable hypothesis. It is when this summarized language is read in conjunction with other portions of the charge on circumstantial evidence, that the misleading and incorrect nature of the same becomes apparent.

In charging on the rule of circumstantial evidence, the trial court correctly and accurately stated that that rule "simply says where you rely on circumstantial evidence, all of the circumstances must tend to establish the theory relied upon and preponderate to that theory rather than to any other reasonable hypothesis." However, immediately following this correct statement of the rule, the trial court stated as follows: "*In other words, if there is another reasonable explanation of it, then the burden would not be carried. If there are two reasonable explanations of circumstantial evidence, reasonable explanations according to what you find to be reasonable, then, of course, the burden would not be carried.* This is what this particular rule means. It does not take any greater degree of evidence, any greater weight of the evidence to prove a fact by circumstantial evidence. [It] simply says that all the circumstances must tend to prove that and must be contrary to any other reasonable hypothesis." (Emphasis supplied.) In my opinion, this charge on circumstantial evidence is confusing and misleading with regard to the relationship of the carrying of the burden of proof to the rule on circumstantial evidence.

Initially, it is to be noted that, earlier in the charge, the trial court charged as to the burden of proof and the necessity of the plaintiff to carry the same by the preponderance of evidence. Further, the court correctly instructed the jury that "[i]f you find the evidence is evenly balanced on any issue in this case, then, in such event, it would be your duty to resolve that issue against the party having the burden of proof on that issue. In other words, since the plaintiff has the burden of proof on [its] claims in this case, that means [it has] to show [its] evidence has the greater weight to some extent. . . . So if the evidence is evenly balanced on both sides, [the plaintiff] would not have carried that burden, and you will resolve that in favor of the party who did not have the burden of proof on that particular issue." Thus, the jury had already been instructed that the plaintiff had to carry the burden of proof by a preponderance of evidence, and that if the jury found the evidence to be evenly balanced, the plaintiff would not have carried the burden. However, the challenged charge on circumstantial evidence specifically and unequivocally tells the jury that if there is *another* reasonable explanation of the circumstantial evidence than that postulated by the plaintiff, the plaintiff would not have carried the burden. This is inconsistent with the earlier correct

statement that the circumstantial evidence must *preponderate* to the theory of the party having the burden of proof rather than to any other reasonable hypothesis. Instead of correctly telling the jury that the burden would not be carried if there was another *equally* reasonable explanation of the circumstantial evidence, the court in effect charged the jury that the evidence could never preponderate to the plaintiff's theory if there was *any other* reasonable explanation, even if plaintiff's theory was more probable.

I disagree with the majority that *Radcliffe v. Maddox*, supra, authorizes the charge given by the trial court in this case. In *Radcliffe*, the defendant argued that the circumstantial evidence charge was erroneous "on the ground that the judge not only should have charged that the circumstances shown must tend in some appreciable degree to establish the conclusion claimed, and preponderate to that conclusion as against all other reasonable hypotheses, but should have charged also that they must exclude every other reasonable hypothesis." *Radcliffe v. Maddox*, supra, 682. In holding that the trial court did not err in failing to charge as the defendant contended, this Court placed in proper perspective a circumstantial evidence charge as given to a trial jury by referring to and discussing the appellate review standard in a case based upon circumstantial evidence. This discussion, though lengthy, is very instructive to our analysis of the charge at issue here. The *Radcliffe* court held: "The excerpt from the charge is taken from *Georgia Ry. & El. Co. v. Harris*, 1 Ga. App. 714 (57 SE 1076), in which the court was dealing with what amount of circumstantial evidence would authorize this court to uphold the finding of a jury based thereon. In determining this question, that is, whether or not there is any evidence to support the verdict where the plaintiff in a civil action relies solely upon circumstantial evidence to establish his cause of action, the appellate court will look to the testimony; and before the verdict can be allowed to stand, it must appear that the circumstances shown tend in some appreciable degree to establish the conclusion claimed. *It is for the jury to say whether or not they preponderate to that theory as against all other reasonable, but less probable, hypotheses.* As stated in the *Harris* case, 'the established fundamental rules applicable to circumstantial evidence are the same in civil cases as in criminal trials. In both cases it is required that the circumstances relied upon be not only consistent with the conclusion sought to be established, but also inconsistent with every other reasonable hypothesis. In civil cases this consistency with the one and inconsistency with the other is required to be established by a mere preponderance; in criminal cases to the exclusion of reasonable doubt.' Where the circumstances shown do, as a matter of law, in some appreciable degree tend to establish the hypothesis claimed, and in the minds of the jury preponderate to that hypothesis rather than

to any other reasonable hypothesis, this is the equivalent of excluding all such other less probable hypotheses. In other words, the jury could not find that circumstantial evidence of real probative value preponderated in favor of one theory as against all other reasonable but less probable theories, without excluding the theories thus rejected. In neither criminal nor civil cases is it required that the proved circumstances shall show consistency with the hypothesis claimed and inconsistency with all other reasonable theories to the point of logical demonstration. *In civil cases all other reasonable theories are excluded when proved circumstances of real and actual probative value cause the jury to find that the preponderance of the evidence is in favor of the hypothesis claimed, as against all other reasonable but less probable theories.* Where a decision is required between two or more antagonistic theories, an authorized finding that the evidence preponderates to one theory as against all the others necessarily carries with it a finding that the rejected theories are excluded." (Emphasis supplied.) *Radcliffe v. Maddox*, supra, 682, 683.

I submit that, by its charge in this case, the trial court invaded the province of the jury to find that the preponderance of the evidence was in favor of one hypothesis as against all other "reasonable but less probable theories" by instructing the jury that if there was *any other* reasonable explanation save that of the plaintiff, the plaintiff's burden would not have been carried. I believe that the correct rule is that if there is more than one reasonable explanation of the circumstantial evidence, the jury can find that the plaintiff carried its burden of proof if it finds that the circumstantial evidence preponderates toward plaintiff's explanation rather than any other reasonable but less probable explanation. See also *McCarty v. Nat. Life &c. Ins. Co.*, 107 Ga. App. 178 (2) (129 SE2d 408) (1962); *Southeastern &c. Ins. Co. v. Stevens*, 142 Ga. App. 562 (2) (236 SE2d 550) (1977).

Accordingly, I believe that the trial court's charge on circumstantial evidence was error requiring the grant of a new trial. Therefore, I respectfully dissent.

I am authorized to state that Presiding Judge McMurray, Presiding Judge Banke and Judge Pope join in this dissent.

DECIDED JULY 14, 1987 —
REHEARING DENIED JULY 31, 1987 —

*Burt Derieux, Eileen M. Crowley, Keith J. Reisman, L. Hugh Kemp*, for appellant.
*W. Wray Eckl, Julia Anderson*, for appellee.