## 77859. MORGAN SOUTHERN, INC. v. LEE.
### (379 SE2d 219)

Pope, Judge.

Appellee Daris H. Lee brought a claim in the magistrate court to recover an amount deducted from his paycheck by his employer, appellant Morgan Southern, Inc., to cover the cost of workers' compensation insurance. An award in favor of the employee was affirmed by the state court and the employer filed an application for discretionary review. On appeal the employer argues the deduction was taken by an agreement between the parties and is enforceable because it is not in violation of law.

The record on appeal consists merely of the pleadings filed by the parties and the judgment entered in the case. The record contains no evidence to indicate the employee agreed to the deduction. Even if the employee agreed to the deduction, the agreement would be contrary to law and to the public policy of this state and would, therefore, be unenforceable pursuant to OCGA § 13-8-2.

Pursuant to OCGA § 34-9-121 (a): "Unless otherwise ordered or permitted by the board, every employer subject to the provisions of this chapter relative to the payment of compensation shall secure and maintain full insurance against his liability for payment of compensation under this article . . . ." The employer argues said statute merely requires it to obtain insurance but does not require it to pay for the premiums out of its own funds. The employer argues the Workers' Compensation Act does not prevent an employer from passing on the cost of workers' compensation insurance to the employee by deduction from the employee's wages. The issue raised on appeal is, essentially, what is meant by the phrase "secure and maintain full insurance."

Prior to the recodification of the Workers' Compensation Act at the time the 1982 Code was enacted, the employer was statutorily required to "fully insure and keep fully insured . . . his liability [under the Act] . . . ." Ga. L. 1963, p. 141, § 13, amended by Ga. L. 1972, p. 929, § 4. Clearly, the statute, prior to recodification, required employers to "insure themselves." (See uncodified preamble to Ga. L. 1962, p. 528.) We do not interpret the change in wording from "fully insure and keep insured" to "secure and maintain full insurance" to release the employer from the obligation to pay for its own insurance. The fundamental basis of the workers' compensation laws is that the economic loss caused by industrial accidents should be borne by the industry in which the accident occurred. *Globe Indem. Co. v. Lankford*, 35 Ga. App. 599, 603 (134 SE 357) (1926). To interpret the statute as the employer urges would be contrary to the entire scheme of the Workers' Compensation Act whereby, in exchange for assuming limited statutory liability for personal injury, the employer is granted

immunity from liability in tort. The cost of statutory liability may not be passed on to the employee himself. That the employer is required to bear the cost of workers' compensation insurance is further supported by OCGA § 34-9-14 (a), which prohibits those employers who offer a board-approved substitute system of compensation from requiring a contribution from employees unless the substitute system confers benefits in addition to those minimally required by the Act. Those cases in which an employer provided workers' compensation insurance to the employees of its subcontractor by deducting the premiums from the production payments due its subcontractor are not analogous to the case at hand, in which the employer deducted an amount to pay insurance premiums directly from its employee's wages. See *International Indem. Co. v. White*, 174 Ga. App. 773 (331 SE2d 37) (1985): *Hampton v. McCord*, 141 Ga. App. 97 (232 SE2d 582) (1977). The state court did not err in upholding the judgment in favor of the employee for reimbursement of the cost of workers' compensation insurance deducted from his wages.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 21, 1989.

*Swift, Currie, McGhee & Hiers, Joseph A. Munger*, for appellant. *Frank Bradford, Richard Paul Parker*, for appellee.