## A95A0406. RAYBURN v. DEMPSEY.
(457 SE2d 220)

Smith, Judge.

Debbie L. Rayburn was a passenger in a pickup truck driven by her husband on the afternoon of June 4, 1990, when it collided with Charlie B. Dempsey's automobile on Highway 53 north of Rome. Rayburn filed suit against Dempsey for damages and personal injuries sustained as a result of Dempsey's alleged negligence in turning from Highway 53 onto Dempsey Road and failing to avoid the collision. Following the court's denial of her motion for new trial, Rayburn appeals the judgment entered on a jury verdict in favor of Dempsey.

Viewed in a light to support the verdict, the evidence at trial showed the collision occurred as Dempsey was turning right from Highway 53 onto Dempsey Road approximately 200-400 yards beyond the crest of a hill. An 18-wheel tractor trailer making a U-turn onto Highway 53 northbound was stationary in the intersection at the time of the collision. Rayburn's husband testified he was traveling 45-50 mph when he crested the hill in the right lane and momentarily became aware the Dempsey vehicle in his lane ahead was traveling slowly. Uncertain of whether the 18-wheeler was moving into the left lane, he did not change lanes but slammed on his brakes and skidded 21 feet into Dempsey's vehicle, knocking it into a third car driven by Debra Parnell and waiting to turn onto Highway 53 south from Dempsey Road. Debra Parnell's nine-year-old daughter, a passenger in her mother's car, testified that Dempsey's right turn signal was blinking prior to the collision. Dempsey also testified the blinker was operating, although there was some question as to whether Rayburn's husband saw it.

In two enumerations, Rayburn challenges the court's jury instruction on ordinary care, contending the court erred by failing to give her requested charge on the principle of avoidance. In its charge, after defining "ordinary negligence," the court inadvertently omitted defendant's requested charge on ordinary care. Recalling the jury, the court charged that "[i]n this connection ordinary care does not mean such care as would prevent an accident or injury from occurring[;] therefore[,] if you find under the evidence in this case that the defendant was driving his automobile in the exercise of ordinary care at

the time of the incident in question, the plaintiff would not be entitled to recover a verdict against the defendant just because an accident or injury may have occurred."

(1) Rayburn argues the court's charge on ordinary care improperly prohibited the jury from considering whether Dempsey negligently failed to avoid the collision, especially in light of the emphasis placed upon the charge when the jury was recalled to hear it. Rayburn maintains that the court's giving this charge without also giving her requested charge effectually directed a verdict in the defendant's favor. She contends this precluded the jury from considering her primary theory of recovery, the defendant's failure to avoid the collision despite his opportunity to do so. We find no error in the challenged charge, nor in the fact that the court, having unintentionally omitted it from the original instruction, recalled the jury to give it. The record shows the court admonished jurors not to draw conclusions about the significance of the principle either from the court's forgetting to include it originally or recalling the jury to give it. *Chastain v. Fuqua Indus.*, 156 Ga. App. 719, 723 (4) (275 SE2d 679) (1980).

(2) We next consider Rayburn's contention that the court erred in refusing to give a charge on avoidance. The charge requested by Rayburn was: "If the plaintiff, Debbie Rayburn, was not negligent[,] and I so direct you to so find that she was not[,] and the defendant, Mr. C. B. Dempsey, fails to exercise ordinary care to avoid injuring her, even if a third party's negligence placed her in a position of peril from which she was unable to extricate herself, then the defendant [Dempsey's] negligence is the proximate cause or concurrent proximate cause of Mrs. Rayburn's injury." As crafted, the requested charge is an argumentative and confusing amalgamation of at least three distinct legal principles. "[A] trial court does not err by refusing to give a requested charge which, as crafted, creates a fair risk of confusing or misleading the jury when examined in light of the other charges given." *Roswell Properties v. Salle*, 208 Ga. App. 202, 208 (10) (430 SE2d 404) (1993). The trial court did not err by refusing to give Rayburn's request, as crafted, in one convoluted and confusing sentence. See *Childers v. Ackerman Constr. Co.*, 211 Ga. 350, 352-353 (1) (86 SE2d 227) (1955).

At the charge conference, Rayburn objected to the omission of her requested charge on whether Dempsey acted with ordinary care when he failed to avoid the peril. However, counsel did not seek to prepare an amended charge on the principle of avoidance. After the jury was instructed, counsel excepted to the court's recalling the jury to give the defendant's requested charge on ordinary care without putting that principle "in the context of several of the other charges that are relevant to that issue." This statement was not specific enough to alert the trial court to the precise nature of counsel's objec-

tion and thereby preserve the issue for review. OCGA § 5-5-24 (a); *Hilliard v. Canton Wholesale Co.*, 151 Ga. App. 184, 186-187 (3) (259 SE2d 182) (1979).

Even assuming the objection was sufficient, the jury charge must be considered as a whole. *Robert & Co. Assoc. v. Tigner*, 180 Ga. App. 836, 841 (351 SE2d 82) (1986). First, our review indicates the principles of imputable negligence and the marital relationship were otherwise covered in the court's charge. In addition, the court's charge as a whole adequately instructed the jury to consider whether Dempsey negligently failed to avoid the collision once the danger was apparent to him. *Southern R. Co. v. Ga. Kraft Co.*, 183 Ga. App. 884, 885 (3) (360 SE2d 605) (1987), rev'd on other grounds, 258 Ga. 232 (367 SE2d 539) (1988).

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED APRIL 5, 1995.

J. Calloway Holmes, Jr., for appellant.

Rogers, Magruder, Sumner & Brinson, J. Clinton Sumner, Jr., Clay M. White, for appellee.